■ In the Matter of 620 BROADWAY HOUSING CORPORATION et al., Appellants, v CITY PLANNING COMMISSION OF THE CITY OF NEW YORK et al., Respondents. [783 NYS2d 805]—

Judgment, Supreme Court, New York County (Kibbie F. Payne, J.), entered December 5, 2003, which denied petitioners' application to annul respondent City Planning Commission's (CPC) determination granting respondent developer a special use permit and dismissed the petition, unanimously affirmed, without costs.

No basis exists to disturb CPC's finding that the single expression of interest received by the developer in response to its efforts to rent the space for a permitted use (NY City Zoning Resolution § 74-781) was not bona fide (*see Matter of Cowan v Kern*, 41 NY2d 591, 598 [1977]; *Matter of Supkis v Town of Sand Lake Zoning Bd. of Appeals*, 227 AD2d 779, 781 [1996]). Concur—Sullivan, J.P., Ellerin, Williams, Gonzalez and Catterson, JJ.

■ ASSET SECURITIZATION CORPORATION, Appellant, v ORIX CAPITAL MARKETS, LLC, Respondent. [784 NYS2d 513]—

Judgment, Supreme Court, New York County (Richard B. Lowe, III, J.), entered April 28, 2004, which, upon the prior grant of defendant's motion pursuant to CPLR 3211, dismissed the complaint, unanimously affirmed, with costs.

The governing Pooling Service Agreement (PSA), relating to a commercial mortgage-backed securities transaction in which plaintiff issued and sold Commercial Mortgage Pass-Through Certificates, does not authorize plaintiff to commence litigation on behalf of the certificateholders. That authority is committed solely to the trustee of the pooled loans, which is not a party to this action (*see LaSalle Bank N.A. v Nomura Asset Capital Corp.*, 180 F Supp 2d 465, 471 [SD NY 2001]). Accordingly, since plaintiff is without standing under the PSA to sue on the certificateholders' behalf and has failed to allege a valid contractual or extracontractual claim on its own behalf, we affirm the dismissal of the complaint. Concur—Sullivan, J.P., Ellerin, Williams, Gonzalez and Catterson, JJ.